**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _1335 West Tabor Road, Suite 206, Philadelphia, PA 19141_

Address of Defendant: _105 E. Allegheny Avenue, Philadelphia, PA_

Place of Accident, Incident or Transaction: _Pennsylvania_
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)

I, _Alan C. Milstein_, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _1/21/10_   _____   _AM-2759_
                  Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _1/21/10_   _____   _AM-2759_
                  Attorney-at-Law    Attorney I.D.#

CIV. 609 (6/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Richard Rettig, a Michigan corporation, individually and as the representative of a class of similarly situated persons
1335 West Tabor Road, Suite 206, Philadelphia, PA 19141

### DEFENDANTS
New Quality Restaurant and George Sarianos
105 E. Allegheny Avenue
Philadelphia, PA

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sherman Silverstein Kohl Rose & Podolsky, P.A.
Alan C. Milstein, Esquire,
4300 Haddonfield Road, Suite 311, Pennsauken, NJ 08109 856-662-0700

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
|  |  ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  |  ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. Sec 227
Brief description of cause:
violation of 47 U.S.C. Sec 227, Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ excess of $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 1/21/10
SIGNATURE OF ATTORNEY OF RECORD: Alan C. Milstein, Esquire

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| RICHARD RETTIG a Michigan corporation, individually and as the representative of a class of similarly situated persons | : | CIVIL ACTION |
| v. | : | |
| NEW QUALITY RESTAURANT AND GEORGE SARIANOS | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 1/21/10 | Alan C. Milstein | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 856-662-0700 | 856-488-4744 | amilstein@shermansilverstein.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD RETTIG, a Michigan corporation, individually and as the representative of a class of similarly situated persons,<br>    Plaintiff,<br><br>  v.<br><br>NEW QUALITY RESTAURANT and GEORGE SARIANOS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

Plaintiff, RICHARD RETTIG (herein "Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, through his attorneys, and except as to those allegations that pertain to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, NEW QUALITY RESTAURANT and GEORGE SARIANOS, (herein "Defendants").

## PRELIMINARY STATEMENT

1. This case challenges Defendants' policy and practice of faxing unsolicited advertisements.

2. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person or entity within the United States from sending or having an agent send unsolicited faxed advertisements. The TCPA provides a private right of action for violations and provides statutory damages of $500.00 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax also causes the recipient

to waste valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. Jurisdiction exists under the Class Action Fairness Act 28 U.S.C. 1332 since there is more than $5,000,000.00 in controversy.

7. Venue in this district is proper because Defendants do business here and a significant portion of the events took place here.

## PARTIES

8. Plaintiff, RICHARD RETTIG, is a person who operates a business and resides within this judicial district.

9. On information and belief, Defendant, NEW QUALITY RESTAURANT, is a Pennsylvania corporation which does business within this federal judicial district. On information and belief, Defendant, GEORGE SARIANOS, is a shareholder, officer and director of NEW QUALITY RESTAURANT.

On information and belief, GEORGE SARIANOS approved, authorized and participated in the scheme to broadcast advertisements by facsimile by (a) directing a list

to be purchased or assembled; (b) directing and supervising employees or third parties to send the advertisements by fax; (c) creating and approving the form of advertisements to be sent; (d) determining the number and frequency of the facsimile transmissions; and (e) approving or paying the employees or third parties to send the advertisements by facsimile transmission.

## FACTS

10. On or about January 24, 2006, Defendants sent by telephone facsimile machine an unsolicited advertisement to Plaintiff's facsimile machine. A copy of the facsimile is attached hereto and marked as Exhibit A.

11. Defendants did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

12. On information and belief, Defendants have sent similar unsolicited facsimile advertisements to at least 39 other recipients.

13. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

14. In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons that are holders of telephone numbers to which a facsimile transmission was sent on behalf of Defendants advertising or promoting the goods or services of Defendants at any time between four years prior to the filing of this suit to and including the present (the "Class Period").

Excluded from the Class are Defendants, their officers, directors, employees, agents, and members of the Judiciary.

15. <u>Commonality [Fed. R. Civ. P. 23(A)(2)]</u>. Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include but are not limited to the following:

(a) Whether Defendants sent unsolicited fax advertisements;

(b) Whether Defendants' facsimiles advertised the commercial availability of property, goods or services;

(c) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(d) Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

(e) Whether Defendants sent the faxed advertisements knowingly;

(f) Whether Defendants violated the provisions of 47 U.S.C. § 227;

(g) Whether Plaintiff and the other members of the class are entitled to statutory damages; and

(h) Whether the Court should award treble damages.

16. <u>Typicality [Fed. R. Civ. P. 23(a)(3)]</u>. Plaintiff's claims are typical of the claims of all class members. Plaintiff received a facsimile sent on behalf of Defendants advertising goods and services of Defendants during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all class members

based on the same federal statute. Defendants have acted the same or in a similar manner with respect to Plaintiff and all the class members.

17. <u>Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]</u>. Plaintiff will fairly and adequately represent and protect the interest of the class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

18. <u>Need for Consistent Standards and Practical Effect of Adjudication [Fed. R. Civ. P. 23 (b)(1)]</u>. Class certification is appropriate because the prosecution of individual actions by class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendants, and/or (b) as a practical matter, adjudication of Plaintiff's claims will be dispositive of the interests of class members who are not parties.

19. <u>Common Conduct [Fed. R. Civ. P. 23 (b)(2)]</u>. Class certification is also appropriate because Defendants has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. Plaintiff demands such relief as authorized by 47 U.S.C. § 227.

20. <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>. Common questions of law and fact predominate and a class action is superior to other methods of adjudication.

 (a) Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

 (b) Evidence regarding defenses or any exceptions to liability that Defendants may assert and prove will come form Defendants' records and will not require individualized or separate inquires or proceedings;

(c) Defendants have acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d) The amount likely to be recovered by individual class members does not support protested individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e) This case is inherently managed as a class action in that:

(i) Defendants identified persons or entities to receive the fax transmissions, and it is believed that Defendants' computer and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for Plaintiff and the class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims, and it will foster economics of time, effort and expense;

(v) A class action will contribute to uniformity of decisions concerning Defendants' practices;

(vi)   As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

21.   The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ...." 47 U.S.C. § 227(b)(1).

22.   The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

23.   The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)   An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)   An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)   Both such actions.

24.   The TCPA is a strict liability statute, so Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

25.   Defendants knew or should have known that (a) Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, (b) that Plaintiff and the

other class members did not have an established business relationship, and (c) that Exhibit A is an advertisement.

26. Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

27. Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

WHEREFORE, Plaintiff, RICHARD RETTIG, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendants, NEW QUALITY RESTAURANT and GEORGE SARIANOS, jointly and severally, as follows:

A. That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater; and

C. The court enjoin Defendants from additional violations; and

D.   That the court award costs and such further relief as the court may deem just and proper.

>RICHARD RETTIG, individually and as the representative of a class of similarly-situated persons
>
>By: /s/ Alan C. Milstein
>
>Alan C. Milstein
>Sherman, Silverstein, Kohl, Rose & Podolsky
>4300 Haddonfield Road, Suite 311
>Pennsauken, NJ  08109

OF COUNSEL:

Brian J. Wanca
***Anderson + Wanca***
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847/368-1500

Philip A. Bock
***Bock & Hatch, LLC***
134 N. LaSalle Street, Suite 1000
Chicago, IL  60620
Telephone:  312/658-5500

**EXHIBIT A**

# We Deliver Breakfast

Hours: 7a.m. to 5 p.m. (7 days a week)
**BBQ – HUT & PIZZERIA**
105 E Allegheny Ave.
(215) 425-3337
**Delivery starts at 8:00 a.m. EVERYDAY**

**Quick Breakfast:**
2 Eggs (Any Style) — $ 2.75
1 Egg (Any Style) — $ 2.50
[platters served with Home Fries or Grits, Toast, Butter & Jelly]
**Eggs:**
2 Eggs (Any Style) — $ 4.30
With either Scrapple, Sausage, Bacon, or Ham
2 Eggs (Any Style) — $ 4.60
With either Canadian Bacon, Beef Sausage, Pork Roll, Turkey Sausage, or Turkey Bacon
1 Egg (Any Style) — $ 4.10
With either Scrapple, Sausage, Bacon, or Ham
1 Egg (Any Style) — $ 4.40
With either Canadian Bacon, Beef Sausage, Pork Roll, Turkey Sausage, or Turkey Bacon
[.25 cents Extra for Onions • .50 cents Extra for Cheese • .50 cents for Each Egg
**Home-made Pancakes & French Toast**
2 Golden Pancakes — $ 2.50
3 Golden Pancakes — $ 3.00
3 Golden Pancakes
With either Scrapple, Sausage, Bacon, or Ham — $ 4.60
3 Golden Pancakes
With either Canadian Bacon, Beef Sausage, Pork Roll, Turkey Sausage, or Turkey Bacon
— $ 4.90
2 Pieces of French Toast — $ 3.00
3 Pieces of French Toast — $ 3.50
3 Pieces of French Toast
With either Scrapple, Sausage, Bacon, or Ham
— $ 5.10
3 Pieces of French Toast
With either Canadian Bacon, Beef Sausage, Pork Roll, Turkey Sausage, or Turkey Bacon
— $ 5.40
All Served with Syrup and Butter, French Toast Made with Texas Bread*
**Omelettes xtra .50 cents for cheese**
[Made with 3 eggs, served with Home Fries or Grits, Toast, Butter & Jelly]
American Cheese Omelette — $ 4.35
Western Omelette — $ 4.35
Diced Chicken Omelette — $ 4.35
Bacon Omelette — $ 4.35
Pepper & Onion Omelette — $ 4.35
Greek Feta Cheese Omelette — $ 4.85

**Breakfast Sandwiches**
[Served on White, Rye or Wheat • All Sandwiches are made with 2 Eggs]
2 Eggs (Scrambled or Fried)
$1.75
With either Scrapple, Sausage, Bacon, or Ham
$ 2.75
With either Canadian Bacon, Beef Sausage, Pork Roll, Turkey Sausage, or Turkey Bacon
$ 3.00
.50 cents Extra for Cheese • .50 cents for Each Egg •
On a Kaiser Roll .25 cents Extra
(Made with 3 Eggs on an Italian Roll $1.00 Extra)

Sausage or Bacon or Scrapple or Ham Sandwich
$2.15
Canadian Bacon or Beef Sausage or Pork Roll or Turkey Sausage or Turkey Bacon
$ 2.45
**STEAK -N- EGGS $ 8.10**
2 Eggs (Any Style) with Sirloin Steak (A-1 Sauce)
[Served with Home Fries or Grits, Toast, Butter & Jelly]
**HUNGRY MAN SPECIAL $ 6.75**
3 Eggs (Any Style), 2 Pancakes & Choice of Breakfast Meat
[Served with Home Fries or Grits, Toast, Butter & Jelly]
$ 1.50 Extra for French Toast instead of Pancakes
**CREAMY CHIPPED BEEF $ 4.10**
[Served over Toast with Home Fries]

**Breakfast Side Orders**
Scrapple or Ham or Sausage or Bacon — $ 1.75
Pork or Turkey Sausage or Turkey Bacon — $ 2.00
Beef Sausage or Canadian Bacon — $ 2.00
Side of Grits (12 oz.) — $ 1.50
Home Fries — $ 1.50
with Onions — $ 2.00
Toast — $ 0.50



Also Serving Orange & Apple Juice Coffee, Tea, & Hot Chocolate !!!
*prices do not include tax

---

_____ The above sponsor is not affiliated with, nor endorsed by, any charitable organization _____

**Please Contribute to Reputable American Charities Dedicated to Helping Hurricane Victims**

This is a charitable message. We will send faxes only to parties who wish to receive them. If you, or someone acting in your behalf, did not request or allow us, our agents, our customers, or our sponsors, to send faxes to this number, we sent this message in error, and we apologize. To STOP charitable or other faxes, call the "Remove" Hotline (below). To continue to receive, do NOT call the Remove Hotline. This message is the exclusive property of Macaw, SRL, 46 Match Factory St, Sec 5, Buc, Rom, 050183, 40723294564, which is solely responsible for its contents and destinations. Date and time stamp are at the top of this page.

**"Remove" Hotline (800) 991- 9484, ext 399, or (718) 645-2018, Ext 233.**
**Complaint Hotline (718) 645-2021, ext 232**